UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE L. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 12-2055 (EGS) |
| HILDA L. SOLIS *et al.*, | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

Plaintiff was injured on the job in October 1988 and March 1989 while employed with the Department of Veterans Affairs. She pursued workers' compensation and was awarded partial relief under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101. In this action brought *pro se*, plaintiff appears to challenge a decision issued by the Employees' Compensation Appeal Board ("ECAB") on August 21, 2009. *See* Compl. Attachment. She alleges, however, that she "was entitled to a scheduled award, but . . .never received confirmation," and that she has "been met with hurdles" and "been denied . . . [the] basic avenue to have my voice heard" through "an oral hearing [requested] for many years." Compl. at 2.

Defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, Defs.' Mot. to Dismiss, ECF No. 7, and plaintiff has responded. Pl.'s Response to Mot. to Dismiss, ECF No. 10. Upon consideration of the parties' submissions, the Court will grant defendant's motion and dismiss the case.

The FECA "establishes a comprehensive workers' compensation scheme under which federal employees . . . receive compensation, regardless of fault, for employment related injuries

or deaths." *Chung v. Chao*, 518 F. Supp. 2d 270, 272 (D.D.C. 2007). Under the FECA, the decision of the Secretary of Labor in allowing or denying a workers' compensation payment is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2). This is "an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (internal quotation marks and citation omitted).

The Court is not foreclosed from reviewing a constitutional claim predicated on the due process clause. *See Gilmore v. U.S. Dep't of Labor*, No. 92-1339 (D.C. Cir. Feb. 10, 1993) (per curiam) (citing cases); *Guerrero-Smith v. Solis*, No. 12-0228, --- F. Supp. 2d ---, 2014 WL 242863, at *1 (D.D.C. Jan. 23, 2014) ("Courts have exercised jurisdiction over [FECA] claims where [the challenged conduct] is not the allowing or denying of a payment but rather the manner in which [the] claim was decided.") (citations, internal quotation marks, and alterations omitted); *Gallucci v. Chao*, 374 F. Supp. 2d 121, 125 (D.D.C. 2005) ("It is well established that this court has subject matter jurisdiction to review a decision made under FECA if there has been a constitutional violation.") (citing *Lepre v. Dep't. of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001)). Liberally construing the complaint as the Court must with a *pro se* party's filing, the alleged denial of a hearing implicates the due process clause. The due process clause is triggered when the government deprives an individual of life, liberty, or property, *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989) (citation and internal quotation marks omitted), and "[t]he fundamental requirements of due process are 'notice and the opportunity to respond.' " *Gallucci*, 374 F. Supp. 2d at 126 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)) (other citations omitted). But the process cannot be considered if the requisite deprivation has not occurred. *See Budik v. U.S.*, 949 F. Supp. 2d 14, 25 (D.D.C. 2013), *aff'd* No.

13-5122, 13-5123 (D.C. Cir. Nov. 19, 2013) ("The first inquiry in every [procedural] due process challenge is whether the plaintiff has been deprived of a protected interest in liberty or property.") (citations and internal quotation marks omitted) (alteration in original).

Defendant has shown from the administrative record supplied by both parties that plaintiff has received meaningful hearings, has obtained a schedule award, and is receiving monetary benefits. *See generally* Decl. of Jennifer Valdivieso [Dkt. # 7-1]. According to defendant's declarant, who is Chief of the Branch of Regulations, Policy and Procedure for the Division of Federal Employees' Compensation in the Department of Labor's Office of Workers Compensation Programs, procedures exist for plaintiff to request modification of her "loss of wage-earning capacity" and "an additional schedule award . . .by submitting medical evidence demonstrating that she has an increased or new impairment . . . ." Valdiviesco Decl. ¶ 16. Hence, the due process clause is not triggered, and the FECA deprives the Court of jurisdiction over the Secretary's administrative decision. A separate order of dismissal accompanies this Memorandum Opinion.

SIGNED: EMMET G. SULLIVAN<br>UNITED STATES DISTRICT JUDGE

DATE: March 14, 2014